IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,          Case No. 3:05 cr 807

   -vs-

                                    MEMORANDUM OPINION
SHAWN QUINNEY,                        AND   ORDER

                    Defendant.

KATZ, J.

This action is before the Court on Defendant Shawn Quinney's objections to the June 6, 2006, Report and Recommendation of the United States Magistrate Judge. ("R & R")  (Doc. No. 19) and the Government's response thereto.  (Doc. No. 20).   When a magistrate judge's finding is challenged in district court, the district  court shall apply a "clearly erroneous or contrary to law" standard of review for  "nondispositive" preliminary matters, while "dispositive motions" are governed  by the de novo standard. 28 U.S.C.A. § 636(b)(1)(A, B).  *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001). In this instance the Court has conducted a clearly erroneous review.  For the following reasons,  the Court finds Plaintiff's objections are not well taken and the same are denied.

The R & R issued by Magistrate Judge Armstrong concluded that Defendant's motion to suppress evidence (Doc. No. 9) be overruled.  This Court has reviewed the  finding in the R & R and the memoranda filed by the parties both initially and in connection with objections to the R & R  under the standard set forth above.  The Court has also reviewed a transcript of the hearing on the motion to suppress, which evidentiary hearing was held on February 28, 2006.  After such

review, this Court will adopt in full the Magistrate Judge's R & R and overrule Defendant's motion to suppress.

The Magistrate Judge's exceptionally well-reasoned R & R sets forth the background of this case, in which Defendant is charged with one count of manufacturing counterfeit Federal Reserve Notes in violation of 18 U.S.C. § 471 and one count of uttering a counterfeit obligation in violation of 18 U.S.C. §§ 2 and 472. The motion to suppress is directed at any and all evidence taken as a result of the search of Defendant's bedroom and any and all statements made by Defendant to United States Secret Service Agents on multiple occasions.

At the suppression hearing both Secret Service agents involved in the investigation of this Defendant and the search of his bedroom testified. The Defendant himself testified as did his stepfather and mother, who were present at various times during contacts made by the Agents at their home, including the taking of the Defendant's computer and printer from his bedroom. The Magistrate Judge concluded, as does this Court, that the more credible evidence was presented by the Government through the Agents, but that the evidence did not support a finding that the consent was voluntary because it was not proved by clear and convincing testimony that such consent was unequivocal, specific and intelligently given pursuant to the dictates of *United States v. Erwin,* 155 F.3d 818, 823 (6th Cir. 1998) *cert. Denied*, 119 S. Ct. 906 (1999). The Court agrees with that conclusion and with the finding that while the initial search was conducted pursuant to the voluntary consent of the Defendant and his stepfather, the subsequent search during which the computer/printer was taken was not consensual. Therefore, the computer/printer would not be admissible as evidence unless an exception to the exclusionary rule is found.

The Magistrate Judge concluded that the Government was conducting an independent investigation and that they had obtained information from two witnesses, including Chris Jacobs, Defendant's brother, that this Defendant printed the counterfeit currency under investigation. Thus, the Agents could have obtained a search warrant which would have resulted in seizure of the computer and printer, resulting in the inevitable discovery of the evidence contained thereon. Because an independent investigation was clearly underway, cases in which the Sixth Circuit refused to apply the inevitable discovery exception are distinguishable. *See, U. S. v. Buchanan*, 904 F.2d 349 (6th Cir. 1990); *U. S. v. Johnson*, 22 F.3d 674, 684 (6th Cir. 1994). This Court agrees that the Government has met its burden by presenting credible testimony that the evidence obtained through the illegal search would have been discovered inevitably as a result of the independent investigation which was already underway at the time of the seizure of such computer.

This Court also agrees that the multiple statements given by Defendant to the Agents were voluntarily made at times when the Defendant was not restrained from leaving or under the threat of arrest. Significantly, the statements made on October 4, 2005 were made after Defendant came to the office of the Secret Service voluntarily and made those statements after being advised of his *Miranda* rights.

For the above reasons, the Court adopts the Magistrate Judge's Report and Recommendation and overrules Defendant's motion to suppress. (Doc. No. 9)

IT IS SO ORDERED.

                                                S/ *David A. Katz*
                                                DAVID A. KATZ
                                                U. S. DISTRICT JUDGE